**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**USA.,**

**-against-**

**LUIS GODOY,**

**DEFENDANT**

**25-cr-304 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On July 7, 2025, Defendant Luis Godoy, then a legal permanent resident, was indicted on theft of government funds, in violation of 18 U.S.C. § 641 and 2; bank fraud, in violation of 18 U.S.C. § 1344 and 2; and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), 1028A(b), and 2. Mr. Godoy was deported to Chile on March 25, 2026. Given this, the Government has moved to dismiss the Indictment without prejudice pursuant to Federal Rule of Criminal Procedure ("Rule") Rule 48(a). For the reasons stated below, the Government's motion is GRANTED.

## BACKGROUND

### Factual History

On May 27, 2025, Mr. Godoy was charged by criminal complaint with theft of government funds, in violation of 18 U.S.C. § 641 and 2; bank fraud, in violation of 18 U.S.C. § 1344 and 2; and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), 1028A(b), and 2. ECF No. 1 ("Compl."). Prior to his arraignment in federal court on these charges, Mr. Godoy was serving a state sentence at a New Jersey state detention facility for theft, forgery, impersonation, and the use of false government identification. On June 5, 2025, Mr. Godoy was transferred to federal custody

and was presented in front of Magistrate Judge Parker for a detention hearing. He was released on a $50,000 bond and other conditions and transferred back to state custody.

On July 7, 2025, a grand jury in this District returned an indictment (the "Indictment") charging Mr. Godoy with the charges in the Complaint. On July 15, 2025, Mr. Godoy was transferred to federal custody for the purpose of arraignment. Following the arraignment, he was transferred back to state custody, where he continued to serve his sentence for the state convictions.

Mr. Godoy was scheduled to be released from state custody on December 2, 2025. However on November 2, 2025, prior to his scheduled release, Mr. Godoy was taken into Immigrations and Customs Enforcement ("ICE") custody because his legal permanent resident status was revoked. On March 25, 2026, Mr. Godoy was deported to Chile. The Government did not learn of Mr. Godoy's deportation until defense counsel notified them on March 31, 2026. The Parties appeared for a status conference on May 14, 2026.

**Procedural History**

On May 23, 2026, the Government moved to dismiss Defendant's indictment without prejudice. ECF No. 35. On May 29, 2026, Defense counsel opposed and requested that the indictment be dismissed with prejudice. ECF No. 37. On June 30, 2026, the Government submitted their reply. ECF No. 38.

## LEGAL STANDARD

Pursuant to Rule 48, the Government "may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment" and to protect against circumstances where "the motion [to dismiss] is prompted by considerations clearly contrary to the public interest." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). "A court is generally required to grant a

prosecutor's Rule 48(a) motion unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Pimentel*, 932 F.2d 1029, 1033 n.5 (2d Cir. 1991) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). "[W]hen an indictment is dismissed before trial upon the [G]overnment's motion under Rule 48(a) ... the dismissal is without prejudice ... unless the contrary is expressly stated." *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974). "Several circuits, including the Second Circuit, have recognized that a dismissal pursuant to Rule 48(a) is generally without prejudice." *United States v. Rosenberg*, 108 F. Supp. 2d 191, 207 (S.D.N.Y. 2000).

"A court retains discretion to determine whether a dismissal should be with or without prejudice." *United States v. Adams*, 777 F. Supp. 3d 185, 214 (S.D.N.Y. 2025). "In exercising their discretion to dismiss with prejudice under Rule 48(a), courts have generally looked to the same principles that motivate the 'leave of court' requirement," including whether dismissal without prejudice is in the public interest, whether there is a risk of prosecutorial harassment from recharging of the offenses, or whether there is evidence of bad faith on the part of the prosecution." *Id*. at 214-15.

**DISCUSSION**

The Parties agree and the Court finds that the indictment against Mr. Godoy should be dismissed because he has been deported to Chile and cannot voluntarily return for trial. The question then is whether the dismissal should be with or without prejudice.

The Government argues that the dismissal should be without prejudice because the charged offenses are extraditable and because the statute of limitations has not run. ECF No. 35 ("Gov't Mot."). Defendant argues that the Government's actions have resulted in "one-sided

control over the pace of a prosecution that the speedy-trial protections are meant to prevent" and impaired Mr. Godoy's ability to prepare a defense. ECF No. 37, ("Def't Opp.") at 5-6.

The Second Circuit generally presumes that dismissals pursuant to Rule 48 will be without prejudice. *United States v. Balde*, No. 25 Cr. 00294 (JLR), 2025 WL 2476710, at *3 (S.D.N.Y. Aug. 28, 2025); *Rosenberg*, 108 F. Supp. 2d 191. The *Balde* Court found that there had been violations of the defendant's 6th Amendment rights because the defendant had been deported, thereby interfering with his ability to communicate with counsel. However, the court reasoned that because the case was at an early juncture and because the Government moved to dismiss quickly, there was no indication of "bad faith" that would warrant a departure from the Circuit's general tendency to dismiss without prejudice, No. 25 Cr. 00294, at *3.

Here, defendant argues that *Balde* is inapposite because Mr. Godoy's case has been pending for a little over a year and because Chile, where Mr. Godoy was deported to, allows for extradition. The Court rejects the argument that the fact this case has been pending for over a year is significant enough to depart from the norm to dismiss without prejudice. Other than the arraignment, nothing else of note had occurred in this case. Regarding Chile's extradition treaty, the Court does not see how this weighs in favor of a dismissal with prejudice. If anything, the Government's ability to extradite Mr. Godoy signifies a pre-existing policy decision to prosecute these offenses in the United States.

Even though the Court disapproves of the Government's inability to communicate with ICE to prevent Mr. Godoy's removal pending prosecution, the Court is bound by the Circuit's tendency to dismiss without prejudice. Moreover, as *Balde* notes, "dismissal without prejudice is not a 'toothless sanction,' since the Government would need to secure a new indictment within the statute of limitations in order to reprosecute Defendant," No. 25 Cr. 00294, at *3.

It is disquieting that ICE removed Godoy without regard to an ongoing criminal proceeding. *See United States v. Castillo*, 537 F. Supp. 3d 120, 131 (D. Mass. 2021). Therefore, the Court urges the Government to ensure better communication with law enforcement partners to prevent other deportations pending prosecution. Otherwise, it is very possible that future cases in this posture may require a departure from the general tendency to dismiss without prejudice to promote respect for this Court's orders, conserve government resources, and preserve public trust. But for now, the Court dismisses Mr. Godoy's indictment without prejudice.

**CONCLUSION**

For the foregoing reasons, the Government's motion is **GRANTED. The Clerk of Court is directed to terminate this case.**

**SO ORDERED.**

**Dated: July 10, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**